# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Grady Lee Whitlock, deceased, by
Pamela S. Pack, Executrix,
Respondent Below, Petitioner**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0332** (Raleigh County 98-D-549)

**Betty Dianne Williams Whitlock,
Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela Pack, by counsel James Wilson Douglas, appeals the Circuit Court of Wood County's order, entered on February 10, 2012, that affirmed the order of the Family Court, entered on November 23, 2011. The Family Court order denied Ms. Pack's motion to substitute her as a party for Grady Lee Whitlock, deceased, denied her motion to schedule a remand hearing, and ultimately dismissed the matter from its docket. Respondent Betty Dianne Williams Whitlock appears by counsel John F. Hussell, IV, Staci N. Criswell, Andrew L. Ellis, and Katherine M. Mullins.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Grady and Betty Whitlock were married on January 3, 1970. On October 27, 1998, Respondent Betty Whitlock filed a complaint for legal separation and separate maintenance. Mr. Whitlock filed an answer and a later motion to amend the answer, seeking leave to file a counter-claim for divorce. There is no indication in the record on appeal that the motion was ruled upon.

The Family Court of Raleigh County entered a "final" order on January 24, 2003, granting respondent's request for legal separation, which Mr. Whitlock appealed.  He identified several assignments of error related to the division of marital property and assets, but those assignments said nothing about his desire for a divorce rather than a separation.  Pursuant to a circuit court memorandum order directing remand so that the family court could reconsider asset distribution and set forth detailed findings of fact, the family court judge revisited its order and entered another order on October 29, 2007. Mr. Whitlock appealed to the circuit court, and the matter was again remanded by order entered on July 8, 2008, after the circuit court determined that its earlier remand order was not followed by the family court.  The second remand hearing was scheduled for January 31, 2011, and was continued to April 8, 2011, upon the motion of Mr.

1

Whitlock's counsel. Respondent then requested a continuance, and the hearing was continued to July 15, 2011.

Mr. Whitlock died, testate, on April 8, 2011. Petitioner Pamela Pack, executrix of Mr. Whitlock's estate, then submitted the motions to substitute her as a party and schedule a remand hearing that are the subject of this appeal. The family court denied those motions and dismissed the case from its docket. The circuit court affirmed the family court order on February 10, 2012, noting that "the determination of the portion of [Mr. Whitlock's] estate to be distributed to [respondent] is not governed by domestic relations law and is not within the jurisdiction of the family court." Petitioner appealed the circuit court order to this Court. She argues on appeal that the family court: (1) failed to recognize that the property aspects of a domestic relations case continue past the death of a party; (2) erred by not permitting the substitution of petitioner, the executrix of Mr. Whitlow's estate, for Mr. Whitlow; and (3) failed to equate the action for separate maintenance with one for divorce upon the death of Mr. Whitlock.

We have previously held that,

> "[i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*."

Syl. Pt. 1, *Miller v. Miller*, 216 W.Va. 720, 613 S.E.2d 87 (2005) (quoting Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004)). *See also* Syl. Pt. 2, *Lucas v. Lucas*, 215 W.Va. 1, 592 S.E.2d 646 (2003) ("In reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.")

Petitioner argues that, pursuant to *Bridgeman v. Bridgeman*, 182 W.Va. 677, 391 S.E.2d 367 (1990) , the family court had an obligation to distribute the marital property, even after the death of Mr. Whitlock. We held in *Bridgeman* that "[d]ivorce actions, and appeals therefrom, abate at the death of a party, except as to property rights." *Id.*, Syl. Pt. 1. We clarified that an action may be maintained for "attendant property rights, if those rights survive a party's death and are enforceable in favor of, or against, a party's estate." *Id.* at 679, 391 S.E.2d at 369. That is not the case before us. We agree with the circuit court that the record on appeal shows that the family court granted legal separation, but not divorce. Thus, when Mr. Whitlock died, the parties were still married to one another, and *Bridgeman* does not apply. Moreover, the family court properly found that it did not have jurisdiction in regard to the distribution of Mr. Whitlock's estate.

Having reviewed the circuit court's well-reasoned Order Affirming the Family Court Order and finding no error, this Court fully incorporates and adopts said order, dated February 10, 2012, and attaches the same hereto.

2

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3